IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SETH MICHAEL SMITH,<br><br>Defendant. | Criminal No. 4:22-CR-019<br><br>RESISTANCE TO DEFENDANT'S MOTION TO REMAIN ON PRETRIAL RELEASE PENDING SENTENCING |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorneys, and hereby resists Defendant's Motion to Continue Pretrial Release Pending Sentencing. In support of this resistance, the United State of America submits the following:

1. On June 14, 2022, Defendant was charged with 20 drug- and gun-related counts, by way of a Superseding Indictment. (Dkt. No. 106.) On September 27, 2022, Defendant signed a written plea agreement with the government, wherein he agreed to plead to Counts 1, 15, 18, 21, 24, 27, and 30 of the Superseding Indictment. Relevant to this filing, Defendant agreed to plead guilty to Count 1, which is a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. This crime carries imprisonment penalties of at least ten years, and up to life.

2. On September 28, 2022, Defendant appeared before this Court for a change of plea hearing. (Dkt. No. 223.) However, because Defendant's pre-plea urine sample was too dilute to test for the presence of controlled substances, the hearing

1

was unable to take place. (Dkt. No. 221, 223.) It was rescheduled for October 3, 2022. (Dkt. No. 223.)

3. On September 30, 2022, Defendant filed a Motion to Continue Pretrial Release Pending Sentencing. (Dkt. No. 231.) In that motion, Defendant acknowledges that the law requires him to submit to custody pending sentencing. However, Defendant argues he has exceptional circumstances warranting his continued pretrial release. Specifically, Defendant states that he has a "severe medical dental condition requiring immediate attention" and that he has an appointment at the Broadlawns dental clinic on October 13, 2022. (Dkt. No. 231.) For the reasons that follow, the Court should deny Defendant's motion, and remand him into custody following his plea.

4. As Defendant acknowledges in his motion, his plea to Count 1 subjects him to mandatory detention following the entry of his guilty plea. *See* 18 U.S.C. § 3142(f)(1)(B), (C). However, if the Court finds Defendant has shown that there are exceptional reasons why his detention is not appropriate, the Court may choose not to remand Defendant to custody. 18 U.S.C. § 3145(c).

5. This is a high burden, and one for the defendant to overcome. *See United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (finding that "exceptional" for purposes of 18 U.S.C. § 3145(c) means "clearly out of the ordinary, uncommon, or rare when compared to every other defendant convicted of [the applicable offense]"). The Eighth Circuit, for example, has found that continuation of a treatment program is not an exceptional reason, and neither is possible violence while in jail or successful

completion of pretrial release. *Id.*; *United States v. Larue*, 478 F.3d 924 (8th Cir. 2007). Additionally, the Eighth Circuit has found that serving three tours of duty with the military in Iraq and Afghanistan also did not rise to the level of exceptional. *United States v. Krantz*, 530 Fed.Appx. 609, 610 (8th Cir. 2013). In a drug case, the Eighth Circuit found that a lack of evidence that the defendant was selling methamphetamine, that the drug conspiracy was not profitable, that the defendant participated only in order to satisfy her addiction, that the defendant cooperated with the court, that the defendant was needed to assist her elderly parents, and that she was not a risk to the community were not exceptional circumstances. *United States v. Schmitt*, 515 Fed.Appx. 646 (8th Cir. 2013).

6. Similarly, the need to take care of three young children and having gainful employment are also not exceptional circumstances. *United States v. Nickell*, 512 Fed.Appx. 660, 661 (8th Cir. 2013). Nor are a defendant's timely appearances in court or circumstances surrounding the defendant's arrest. *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007).

7. While health conditions can qualify as an exceptional circumstance, the types of conditions previously found by the Eighth Circuit to rise to this heavy burden are exceedingly more serious than a dental issue. For example, In *Spigner*, the medical condition at issue was kidney disease that required an upcoming organ transplant surgery. *United States v. Spigner*, 416 F.3d 708, 710 (8th Cir. 2005). While not in any way minimizing Defendant's dental maladies, they do not seem to rise to the level of a kidney disease requiring probable organ transplant. *See also United*

*States v. Hofstad*, 727 Fed. Appx. 911 (8th Cir. 2018) (noting district court's finding of exceptional circumstances where the defendant needed a metal plate and screws inserted into his head to repair a skull fracture). Additionally, Defendant's motion offers no reasoning as to why his dental condition cannot be addressed by the dental professionals within the Polk County Jail, or why he waited to address his issue until it was time to enter his plea of guilty. He has been released on pretrial conditions for almost six months. (*See* Dkt. No. 78.)

8.  Finally, and perhaps most importantly, Defendant signed a plea agreement requiring him to submit to custody following his guilty plea. (*See* Plea Agreement ¶ 5.) Thus, even if the Court finds there are exceptional circumstances, Defendant agreed to go into custody, and the Court should honor his promise.

WHEREFORE, the government respectfully requests the Court deny Defendant's Motion to Continue Pretrial Release Pending Sentencing, and order Defendant into custody pending sentencing.

> Respectfully submitted,
>
> Richard D. Westphal
> United States Attorney
>
> By: */s/ Kristin M. Herrera*
> Kristin M. Herrera
> Mallory E. Weiser
> Assistant United States Attorneys
> U.S. Courthouse Annex, Suite 286
> 110 East Court Avenue
> Des Moines, Iowa  50309
> Tel:  (515) 473-9300
> Fax:  (515) 473-9292
> Email:  kristin.herrera@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2022, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail  _____ Fax  _____Hand Delivery

__X__ECF/Electronic filing  ____Other means


UNITED STATES ATTORNEY

By: /s/ K. Herrera, AUSA